**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| National Credit Union Administration, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Shel-Tec Limited, LLC, et al., <br><br> Defendants. | No. CV-12-02500-PHX-NVW <br><br> **ORDER** |

Before the Court is Counterdefendants Shelby and Margaret Carl's Motion to Dismiss (Doc. 39) the National Credit Union Administration's ("NCUA") counterclaim for unjust enrichment.

**I.    LEGAL STANDARD**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). To avoid dismissal, a complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. On a motion to dismiss under Rule 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568

F.3d 1063, 1067 (9th Cir. 2009).  The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations.  *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

"A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

## II.   FACTS ASSUMED TO BE TRUE

For the purpose of deciding the motion to dismiss NCUA's counterclaim, the Court assumes the facts pled in the counterclaim to be true, but does not decide whether in fact they are true.  NCUA was appointed the conservator for AEA Federal Credit Union ("AEA") on December 17, 2010.

Shelby Carl is an experienced businessman and married to Margaret Carl.  Mr. and Mrs. Carl helped form Desert Best Distributing, LLC, Desert Best Enterprises, LLC, and Desert Best Technologies, LLC ("DBT").  In October 2007, Mr. Carl gave AEA a Promissory Note and Guaranty, agreeing unconditionally to pay DBT's continuing debts. In July 2008, Mr. Carl was informed that DBT had inadequate financial records and other serious financial problems.  In September 2008, Mr. Carl signed a limited partnership agreement that gave DBT a 33.5% interest in BioTechnic Products, Ltd., which was formed by J. Phillip Jones.  On August 19, 2009, Mr. Carl signed a power of attorney that gave Mr. Jones express authority to borrow on DBT's behalf.

Meanwhile, Mr. and Mrs. Carl received large, unexplained payments from AEA. In September 2007, AEA issued a check for $209,575.99 to pay off a loan Mrs. Carl had with Meridian Bank.  In October 2009, Mrs. Carl received a check from AEA for $50,000 without explanation.  At no point did Mrs. Carl or Margaret Carl, Inc., obtain a loan from AEA or become indebted to AEA.  Mr. Carl received two checks, each for $50,000, from AEA.  The first check was issued on August 19, 2009, the same day Mr.

Carl appointed Mr. Jones as his attorney in fact, and the second check was issued October 6, 2009. Neither check contained a notation that explained the disbursement's purpose.

The Carls never repaid the funds they received from AEA or that AEA paid on their behalf.

**III.   ANALYSIS**

To plead a claim for unjust enrichment, NCUA must allege facts showing (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) absence of justification for the enrichment and the impoverishment, and (5) absence of a legal remedy. *Mousa v. Saba*, 222 Ariz. 581, 588, 218 P.3d 1038, 1045 (Ct. App. 2009). NCUA alleges that Mr. and Mrs. Carl received an enrichment of $359,575.99, and AEA was impoverished by disbursement of those funds. NCUA alleges there is no justification for the enrichment and the impoverishment because there was no legitimate reason to disburse funds to either Mr. or Mrs. Carl. AEA has no remedy at law to recover the funds because they are not connected to any particular loan or contract between AEA and the Carls. Thus, NCUA has pled facts sufficient to state a claim for unjust enrichment. On a motion to dismiss, the Court assumes NCUA's allegations to be true and does not consider documents outside the counterclaim that the Carls contend disprove NCUA's allegation of absence of justification.

The Carls also contend that NCUA's claim is barred by Arizona's three-year statute of limitations because it expired before NCUA was appointed as AEA's conservator and the Federal Credit Union Act does not revive expired claims. *See* A.R.S. § 12-543(1); 12 U.S.C. § 1787(b)(14)(A)(i) (six-year statute of limitations for action brought by conservator). Pleading rules do not require NCUA to allege in its counterclaim facts that would refute the Carls' statute of limitations defense, such as facts showing the limitations period was tolled. Because the facts NCUA alleges do not foreclose refuting the Carls' statute of limitations defense, the issue cannot be decided on a motion to dismiss.

Finally, the Carls contend that it was improper for NCUA to assert a counterclaim against Mrs. Carl without seeking leave of Court because she was not already a party. In the event that leave is necessary to join Mrs. Carl as a counterdefendant under Fed. R. Civ. P. 13(h), the Court hereby grants such leave.

IT IS THEREFORE ORDERED that Counterdefendants Shelby and Margaret Carl's Motion to Dismiss (Doc. 39) is denied.

IT IS FURTHER ORDERED granting the National Credit Union Administration leave to join Margaret Carl as a counterdefendant.

Dated this 15th day of August, 2013.

_____
Neil V. Wake
United States District Judge